IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLEN W. ROBISON,

    Plaintiff,                      No. 2:10-cv-2954 JAM JFM (PC)

    vs.

PARAMVIR SAHOTA, et al.,

    Defendants.                  <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On November 2, 2010, plaintiff commenced this action by filing a motion for temporary restraining order seeking adequate treatment for pain in his left hip and leg. By order filed November 10, 2010, plaintiff was granted thirty days in which to file, <u>inter</u> <u>alia</u>, a civil rights complaint. In the same order, the court stated that it intended to consider plaintiff's motion for temporary restraining order and granted the California Attorney General thirty days in which to tender a response. The Attorney General did not file any response during that thirty day period.

        On December 7, 2010, plaintiff filed a complaint and a motion for preliminary injunction. By order filed December 14, 2010, the court determined that the complaint states a cognizable claim for relief against nine defendants and ordered plaintiff to complete and return

forms necessary for service of process, including copies of the motion for preliminary injunction. In the same order, the court directed the California Attorney to file a response to plaintiff's motion for temporary restraining order within twenty days.

On January 3, 2011, defendants filed a response to the motion for temporary restraining order. With their response, defendants present evidence that (1) plaintiff was provided one steroid injection for hip pain due to trochanter bursitis but that he declined further steroid injunctions; and (2) plaintiff had been prescribed morphine sulfate at night during cold months for knee pain, but that he had been tapered off that medication on or after February 25, 2010. Defendant M. Jeu offers his professional opinion that plaintiff has "received the proper care and treatment for his current condition." Declaration of M. Jeu, filed January 3, 2011, at ¶ 7. Defendants have not filed a response to the motion for preliminary injunction.

On March 25, 2011, plaintiff filed a document styled as a motion to "enforce a T.R.O Judgment." Therein, plaintiff alleges that he continues to suffer severe pain in his hip and pelvis. In their January 3, 2011, response defendants provided no information about plaintiff's current treatment. Good cause appearing, the court construes plaintiff's March 25, 2011 filing as a supplement to his December 7, 2010 motion for preliminary injunction.

Good cause appearing, defendants will be directed to file a response to plaintiff's December 7, 2010 motion for preliminary injunction. Defendants shall include with said response evidence, if any they have, of plaintiff's current treatment regimen for the conditions complained of in the motion for preliminary injunction. Plaintiff's November 2, 2010 motion for temporary restraining order will be deemed superseded by the December 7, 2010 motion for preliminary injunction.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 2, 2010 motion for temporary restraining order is superseded by his December 7, 20101 motion for preliminary injunction;

/////

1      2. Plaintiff's March 25, 2011 motion is construed as a supplement to plaintiff's December 7, 2011 motion for preliminary injunction;

    3. Within fifteen days from the date of this order defendants shall file and serve a response to plaintiff's December 7, 2011 motion for preliminary injunction, including, if any they have, evidence of plaintiff's current treatment regimen for the conditions complained of in the motion for preliminary injunction; and

    4. Plaintiff's reply, if any, shall be filed and served not later than ten days thereafter.

DATED: May 31, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
robi2954.brfpi