IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLEN W. ROBISON,

    Plaintiff,                    No. 2:10-cv-2954-JAM-JFM (PC)

    vs.

PARAMVIR SAHOTA, et al.,        ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

                           /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff claims that his rights under the Eighth Amendment have been violated by deliberate indifference to his serious medical needs. This action is proceeding against nine defendants named in plaintiff's original complaint, filed December 7, 2010. This matter is before the court on the motion of defendants Grannis, Stocker and Johnson to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

/////

---

[1] The remaining defendants have requested an extension of time until ten days after disposition of the instant motion in which to file an answer to the complaint. Good cause appearing, that request will be granted.

1

STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint contains the following allegations relevant to the instant motion.

In 1981, plaintiff was shot just above the knee cap with a 30.6 rifle. The injury required three surgeries and left his left femur 1 3/4 inches shorter. Thereafter, plaintiff required a left lift shoe, which he wore until he was sent to state prison. In 2003, plaintiff arrived at Folsom State Prison (Folsom). He went to sick call on a few occasions and explained that without and orthopedic shoe, a double right knee brace, and a pair of thermal underwear he suffered severe pain in his left hip and knee, particularly in the winter. Plaintiff filed a grievance in January 2004 from the delay in receiving the shoe. He did not receive the shoe until November 2004. He was denied a pair of thermals and a visit with an orthopedic specialist by defendants Grannis and Peterson.

/////

In January 2005, plaintiff filed another grievance seeking a pair of thermals, which had been ordered for him by a treating physician. That grievance was denied by defendants Grannis and Stocker based on statements from defendant Peterson that there was no indication plaintiff needed thermals,

In 2006, plaintiff was taken off pain medication. Defendants Grannis, Stocker and Sahota refused to correct this or to consider placing plaintiff on different pain medication.

On December 26, 2007, plaintiff attempted to file a grievance to substantiate his ongoing and increasing pain. Defendant Johnson rejected the grievance as duplicative of another grievance.

From the time of his arrival at Folsom in 2003, plaintiff's weight on his 6'2" frame dropped from 183 pounds to 161 pounds and his pelvis and knee became weaker. In October 2006, plaintiff wrote a grievance requesting physical therapy and transfer to a medical facility. Defendants Grannis, Stocker, Cardino and Dunlap granted him physical therapy without an instructor, a therapy room, or equipment.

From May 2007 through 2010, plaintiff has made several attempts to obtain access to a program to gain weight, these requests have been denied by defendants Stocker, Grannis, Cardino, and Sahota.

## DEFENDANTS' MOTION

Plaintiff raises two separate claims against defendants Grannis, Stocker and Johnson. First, he includes these defendants in his claim that his rights under the Eighth Amendment have been violated by defendants' deliberate indifference to his serious medical need for adequate treatment of the pain in his left hip, leg and knee. In order to state a claim for relief under the Eighth Amendment, plaintiff must allege that he had a "serious medical need" and that defendant acted with "deliberate indifference" to that need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A medical need is serious if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin

v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting Estelle, 429 U.S. at 104). Deliberate indifference is proved by evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere negligence is insufficient for Eighth Amendment liability. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Whether a defendant had requisite knowledge of a substantial risk is a question of fact and a fact finder may conclude that a defendant knew of a substantial risk based on the fact that the risk was obvious. Farmer, 511 U.S. at 842. While the obviousness of the risk is not conclusive, a defendant cannot escape liability if the evidence shows that the defendant merely refused to verify underlying facts or declined to confirm inferences that he strongly suspected to be true. Id. Deliberate indifference specifically to medical needs "may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003).

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted). However, delay in providing medical treatment to a prisoner does not constitute deliberate indifference unless the delay causes harm. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404 (9th Cir. 1985). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, at 1060).

Defendants Grannis, Stocker and Johnson seek dismissal on the ground that the allegations against them all relate to the processing of plaintiff's inmate grievances, that plaintiff has no substantive right in an inmate grievance procedure, and that their response to plaintiff's grievance cannot form the basis for liability in this § 1983 action.

With respect to his Eighth Amendment claim, plaintiff seeks to impose liability on said defendants on the ground that their responses to his administrative appeals contributed to the delays in getting necessary care and the attendant pain and suffering he has experienced and continues to experience.

> [A]n appeals coordinator does not cause or contribute to a completed constitutional violation that occurs in the past. See George v. Smith, 507 F.3d 605, 609-610 (7th Cir.2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"). However, if there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (supervisory official liable under Section 1983 if he or she knew of a violation and failed to act to prevent it).

Herrera v. Hall, 2010 WL 2791586, slip op. at 4 (E.D.Cal. 2010). Plaintiff has stated a cognizable Eighth Amendment claim against these defendants.

Plaintiff also claims that these defendants violated his rights under the First and Fourteenth Amendments in the manner in which his grievances were processed. To the extent that plaintiff alleges that defendants failed to follow specific procedures in processing his grievances, he has not stated a cognizable claim for relief. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific grievance procedure.").[2]

For the foregoing reasons, defendants' motion to dismiss plaintiff's Eighth Amendment claim against defendants Grannis, Stocker and Johnson should be denied. Any claim that plaintiff's rights under the First and Fourteenth Amendments were violated by the

/////

---

[2] It appears that these allegations are directed primarily to defendant Johnson, whom plaintiff alleges improperly dismissed a grievance as duplicative.

specific manner in which one or more of his grievances were processed is not cognizable and should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' March 17, 2011 motion for an extension of time to answer the complaint is granted;

2. Defendants are granted ten days from the date of any order by the district court resolving defendant Grannis, Stocker and Johnson's motion to dismiss in which to answer the complaint; and

IT IS HEREBY RECOMMENDED that:

1. The motion of defendants Grannis, Stocker and Johnson to dismiss be granted in part and denied in part; and

2. Defendants Grannis, Stocker and Johnson be directed to answer the Eighth Amendment claim raised in plaintiff's complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////
/////
/////
/////
/////
/////

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: June 5, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
robi2954.mtd