IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLEN W. ROBISON, | | |
| | Plaintiff, | No. 2:10-cv-2954 JAM JFM (PC) |
| vs. | | |
| PARAMVIR SAHOTA, et al., | | ORDER AND |
| | Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights under the Eighth Amendment are being violated by deliberate indifference to his serious medical needs. This matter is before the court on plaintiff's motion for preliminary injunction. Plaintiff seeks a court order requiring defendants to provide him with a weight gain diet, physical therapy, an appointment with an orthopedic specialist, an MRI, and thermal underwear, all to treat left knee and pelvic/hip pain from which he suffers.[1]

/////

---

[1] On July 18, 2011, plaintiff filed a motion for an extension of time to file a reply brief in support of his motion. On July 25, 2011, plaintiff filed his reply. Good cause appearing, plaintiff's July 25, 2011 motion for extension of time will be granted and plaintiff's July 25, 2011 reply brief deemed timely filed.

1

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

As noted above, plaintiff seeks a court order requiring defendants to provide him with a weight gain diet, physical therapy, an appointment with an orthopedic specialist, an MRI, and thermal underwear, all to treat left knee and pelvic/hip pain from which he suffers.

Defendants have presented the following evidence in response to plaintiff's motion. Plaintiff suffers from hip pain and has a history of trochanteric bursitis. Declaration of M. Jeu, filed June 13, 2011, at ¶¶ 3, 5, 7, 9. X-rays of both hips taken on August 19, 2010 "revealed a bullet fragment over the posteromedial left thigh and minimal osteoarthritis of both hip joint. Sacroiliac joints were intact." Id. at ¶ 9. Plaintiff also suffers from "pain in the left knee due to degenerative condition." Id. at ¶ 4.

/////

/////

/////

2

On January 7, 2009, plaintiff was given a steroid injection to his right trochanteric bursa. Id. at ¶ 7. A medical note dated February 9, 2009, indicates that plaintiff stated that "his right hip pain has improved 95%." Id. Plaintiff has received orthotic shoes. Id. at ¶ 8. Plaintiff was again complaining of right hip pain in January 2010 and was scheduled for another steroid injection on February 3, 2010 but he declined "because of depigmentation of the overlying skin." Id. at ¶ 9. Plaintiff has continued to refuse steroid injections. Id.

The main treatment for osteoarthritis is a nonsteroidal anti inflammatory (NSAID) medication such as Ibuprofen. Id. Plaintiff refuses to take this medication. Id. Plaintiff was seen by a pain specialist on December 2, 2010. The recommendations were for a repeat steroid injection in the hip, an injection in the left knee, NSAIDs for pain control, and physical therapy. Id. Plaintiff refused the NSAIDs and the injection but has had physical therapy. Id. An MRI is not required for plaintiff's osteoarthritis and is contraindicated because of the metal shrapnel on his thigh and left knee and the bullet fragment on his left hip. Id.

Plaintiff disputes that he reported that the steroid injection improved his hip pain by 95%. Notice of Affidavit in Support of Plaintiff Reply to the Defendant Opposition in the Granting of a Preliminary Injunction, filed July 25, 2011 (Pl.'s Aff.), at ¶ 4. Plaintiff contends that he refused the NSAIDs because they did not work, and that he did not demand morphine, Tylenol III or Vicodin. Id. at ¶ 7. Plaintiff claims that he is being given "aerobic exercise", not physical therapy. Plaintiff's Reply, at 7. Plaintiff also claims that Dr. Jeu told him he would need surgery. Pl.'s Aff. at ¶¶ 8-9.

To prevail on his claim that he is being denied constitutionally adequate medical care, plaintiff must prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Hudson v. McMillian, 503 U.S. 1, 5 (1992); Estelle v. Gamble, 429 U.S. 97, 106 (1976). A difference of opinion about treatment does not amount to a deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). "Rather, to prevail on a claim involving choices between alternative courses of

treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id. (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

On the record before this court, plaintiff's Eighth Amendment claim appears to arise from a difference of opinion about the proper course of treatment for his knee and hip pain. As noted above, such a difference of opinion does not constitute deliberate indifference. Moreover, the record suggests that defendants have offered treatment for the conditions of which plaintiff complains and that plaintiff has refused that treatment because of the difference of opinion with his medical providers.[2] For that reason, this court finds that plaintiff has failed to demonstrate a likelihood of success on the merits of his Eighth Amendment claim or to demonstrate that he is threatened with irreparable harm as a result of defendants' actions. Accordingly, plaintiff's motion for preliminary injunction should be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 18, 2011 motion for extension of time is granted;

2. Plaintiff's July 25, 2011 reply brief is deemed timely filed; and

IT IS HEREBY RECOMMENDED that plaintiff's December 7, 2010 and June 7, 2011 motions for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

---

[2] As noted above, plaintiff contends that he has refused the NSAIDs for osteoarthritis because they don't work; however, he has not presented any evidence that he has followed the recommended course of NSAIDs before reaching this conclusion.

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
robi2954.pi