IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLEN W. ROBISON, | | |
| | Plaintiff, | No. 2:10-cv-2954 JAM JFM (PC) |
| vs. | | |
| PARAMVIR SAHOTA, et al., | | <u>ORDER AND</u> |
| | Defendants. | <u>FINDINGS & RECOMMENDATIONS</u> |
| _____/ | | |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants have violated his rights under the Eighth Amendment by deliberate indifference to his serious medical needs. This action is proceeding against nine defendants named in plaintiff's original complaint, signed and dated December 3, 2010 and entered on the docket in this action on December 7, 2010 (ECF No. 8). The matter is before the court on defendants' motion for summary judgment and plaintiff's renewed motions for preliminary injunction and for examination by an outside specialist.[1]

---

[1] Defendants filed their motion for summary judgment on March 23, 2012. Plaintiff sought and received several extensions of time. Pursuant to the court's July 31, 2012 order, plaintiff's opposition was due on or before October 1, 2012. On August 30, 2012, plaintiff filed a motion for a ninety day extension of time to file his opposition, which he filed on December 5, 2012. Good cause appearing, plaintiff's August 30, 2012 motion for extension of time will be granted and his opposition deemed timely filed.

1

I. <u>Plaintiff's Motions for Preliminary Injunction and For Examination by Outside Specialist</u>

In December 2010 and June 2011, plaintiff filed motions for preliminary injunction seeking an order requiring defendants to provide him with a weight gain diet, physical therapy, an appointment with an orthopedic specialist, an MRI, and thermal underwear, all to treat left knee and pelvic/hip pain (ECF Nos. 10, 34). Those motions were denied by order filed October 7, 2011 (ECF No. 50). On May 3, 2012, plaintiff renewed his motion for injunctive relief (ECF No. 69). On May 4, 2012, plaintiff renewed his motion for examination by an outside specialist (ECF No. 70). Plaintiff subsequently filed three motions styled as motions to "enforce process" of the motion for preliminary injunction (ECF Nos. 88, 96, 100).

On June 3, 2013, plaintiff filed a notice of change of address (ECF No. 103) which shows that plaintiff has been released from state prison. Plaintiff's motions for preliminary injunction and examination by an outside specialist are mooted by his release from state prison. See <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991) (inmate's claims for injunctive relief mooted by release from prison where inmate "has demonstrated no reasonable expectation of returning" to prison). They should therefore be denied.

II. <u>Defendants' Motion for Summary Judgment</u>

A. <u>Summary Judgment Standards Under Rule 56</u>

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." <u>In re Oracle Corp. Securities Litigation</u>, 627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically store information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory

1  answers, or other materials" or by showing that such materials "do not establish the absence or
2  presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to
3  support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden
4  of proof at trial, "the moving party need only prove that there is an absence of evidence to
5  support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at
6  325.); see also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after
7  adequate time for discovery and upon motion, against a party who fails to make a showing
8  sufficient to establish the existence of an element essential to that party's case, and on which that
9  party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322.  "[A] complete failure
10 of proof concerning an essential element of the nonmoving party's case necessarily renders all
11 other facts immaterial." Id.  In such a circumstance, summary judgment should be granted, "so
12 long as whatever is before the district court demonstrates that the standard for entry of summary
13 judgment, . . ., is satisfied." Id. at 323.
14         If the moving party meets its initial responsibility, the burden then shifts to the
15 opposing party to establish that a genuine issue as to any material fact actually does exist. See
16 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
17 establish the existence of this factual dispute, the opposing party may not rely upon the
18 allegations or denials of its pleadings but is required to tender evidence of specific facts in the
19 form of affidavits, and/or admissible discovery material, in support of its contention that the
20 dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.  The opposing
21 party must demonstrate that the fact in contention is material, i.e., a fact that might affect the
22 outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
23 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
24 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
25 return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
26 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On January 21, 2011 and July 31, 2012, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

A. Statute of Limitations

California law determines the applicable statute of limitations in this § 1983 action. See Wilson v. Garcia, 471 U.S. 261 (1985). Until December 31, 2002, the applicable state limitations period was one year. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)

/////

/////

(citing Cal. Civ. Proc. Code § 340(3) (West Supp. 2002); see also Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).[2] Effective January 1, 2003, the applicable California statute of limitations was extended to two years. See Jones, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 335.1).[3] California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.[4]

The complaint in this action was signed and dated on December 3, 2010, which is deemed the filing date for purposes of the statute of limitations. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying mailbox rule of Houston v. Lack, 487 U.S. 266 (1988) to prisoner § 1983 complaints). Plaintiff's complaint contains a number of allegations against defendants that run from January 2004 through February 2006. All of those claims are time-barred and the court will recommend summary judgment for the defendants included in those allegations as to the claims that arise from those allegations.

B. Deliberate Indifference to Serious Medical Needs

Plaintiff's claims arise from alleged deliberate indifference to his need for adequate medical care for knee and hip pain he suffered after he was shot just above the knee during a robbery in 1981. Plaintiff alleges that he needed and was denied an orthopedic shoe, a

---

[2] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (citations omitted).

[3] Defendants suggest that the applicable limitations period for plaintiff's medical claims should be the period of limitations for a medical malpractice claim set forth in California Code of Civil Procedure § 340.5, but they cite no authority for that proposition. In the absence of such authority, the court will apply the two year period set forth in California Code of Civil Procedure 340.3.

[4] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones, at 927 n.5 (citations omitted). The limitation period is also tolled while an inmate is exhausting administrative remedies as required by 42 U.S.C. § 1997e(a). See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

double right knee brace, and thermal underwear, as well as appropriate pain medication, a "gain weight" program, adequate physical therapy, and adequate diagnostic procedures.  See Complaint, filed December 7, 2010, at 5-9.

Plaintiff's claims, which arise under the Eighth Amendment, have two elements: proof that plaintiff had a "serious medical need" and that defendants acted with "deliberate indifference" to that need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  A medical need is serious if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104, 97 S. Ct. 285).  Deliberate indifference is proved by evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 825, 837 (1994).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."  Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted).

Mere negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  In addition, "[a] difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).

It is undisputed that plaintiff had a serious medical need at all times relevant to this action.  Defendants seek summary judgment on the ground that plaintiff's claims are based

////

////

////

solely on a difference of opinion with the medical care he received.[5]  Each defendant against whom plaintiff has raised a timely claim is addressed in turn.[6]

1. Defendant Sahota

Defendant Sahota's only post-December 2006 involvement with plaintiff was his role in responding to an inmate grievance filed by plaintiff on February 9, 2010.  See Ex. I to Plaintiff's Motion for Preliminary Injunction, filed December 7, 2010 (ECF No. 10) at 88-89.  The grievance arose from a decision by defendant Jeu to limit plaintiff's prescription for morphine to nights only and to prescribe Salsalate 500 mg for pain relief during the day.  Id.  Defendant Sahota reviewed and denied the appeal at the first level of review.  Id.  In his decision, defendant Sahota found in relevant part:

> M. Jeu, M.D., Physician and Surgeon, Folsom State Prison (FSP), examined and interviewed you on March 2, 2010.  At that time you were provided with an opportunity to explain your appeal issue(s) and to provide any additional information and/or documentation.  After extensive review of your Unit Health Record (UHR), Dr. Jeu noted that you present with HCV infection, status post liver biopsy (January 29, 2007), history of right trochanteric bursitis and history of hyperthyroidism.  Dr. Jeu noted that you have pain on your left knee and left knee [sic] which are basically degenerative in nature, and you indicated to him that you have more pain during the cold winter months.  Dr. Jeu prescribed Morphine Sulfate ER 15mg at nighttime with the understanding that the prescription was for short term treatment for the cold winter months during which your arthritic pain may worsen.  You are now requesting that not only do you wish to continue the Morphine at night, but also want it in

---

[5] Defendants also contend that each of them was involved in reviewing plaintiff's administrative grievances and that liability cannot be predicated on their involvement in the resolution of those administrative appeals.  As the court has previously explained in findings and recommendations that were adopted in full by the district court, "[w]ith respect to this Eighth Amendment claim, plaintiff seeks to impose liability on . . . defendants on the ground that their responses to his administrative appeals contributed to the delays in getting necessary care and the attendance pain and suffering he has experienced and continues to experience," and that, if proved, is a valid basis for imposition of Eighth Amendment liability.  See Findings and Recommendations filed June 6, 2011 (ECF No. 33) at 5 (and case cited therein); Order filed August 12, 2011 (ECF No. 41).  Plaintiff's separate First and Fourteenth Amendment claims predicated on the manner in which the grievances were processed has been dismissed.  See id.

[6] Plaintiff's claims against defendants Peterson and Dunlap are based solely on events that pre-dated December 2006.

7

> the morning. Of note, your left hip pain was compatible with trochanteric bursitis and you were given a steroid injection which improved your symptoms. You do not want another injection because it caused depigmentation of the overlying skin.
>
> Your case was extensively discussed during the physician's Narcotic Pain Medication Committee (NCPM) meeting on February 25, 2010, and the recommendation was to taper you off of Morphine for there is no clear indication for narcotic pain medication at this time for a chronic knee/hip pain which is degenerative in nature.
>
> Your request to have this matter be investigated is *denied* as there is no issue that requires investigation. It is apparent that physicians have examined you and provided health care in accordance with their professional opinions.

ECF No. 10-1, at 88. Plaintiff has presented no evidence that defendant Sahota's response to this grievance was deliberately indifferent to his need for adequate pain medication. Plaintiff's only timely claim against defendant Sahota is based solely on a difference of opinion with his medical providers, which is not a basis for Eighth Amendment liability. See Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989))  For these reasons, defendant Sahota is entitled to summary judgment.

        2. Defendant Jeu

        Plaintiff's claim against defendant Jeu is based on defendant Jeu's alleged refusal to order necessary medical tests, refusal to refer plaintiff to an outside specialist, failure to provide adequate pain medication, and failure to adequately monitor the adequacy of physical therapy provided to plaintiff. See Plaintiff's Opposition to Defendants' Motion for Summary Judgment (ECF No. 89) at 11-14. In the motion for summary judgment, defendants have focused on the alleged failure to prescribe Morphine both night and day, and the failure to refer plaintiff to an orthopedic surgeon or to order an MRI. See Defendants' Motion for Summary Judgment, filed March 23, 2012 (ECF No. 61-1) at 12-13. Defendants contend there is no evidence that defendant Jeu acted with deliberate indifference. Id. at 12.

/////

Plaintiff has not presented any evidence which suggests that the majority of his allegations against defendant Jeu, even if proved, are based on more than a difference of opinion with his medical provider.  With respect to his allegations concerning the alleged failure to adequately monitor the physical therapy provided to plaintiff, plaintiff has presented no evidence that defendant Jeu had a duty to monitor the physical therapy.  For these reasons, defendant Jeu is entitled to summary judgment.

### 3. Defendant Cardeno

Plaintiff's claim against defendant Cardeno is based on alleged failures to refer plaintiff to an orthopedic specialist, to provide plaintiff with a "flat land environment," a proper nutritional program, a gain weight program, and adequate physical therapy, as well as an alleged failure to monitor plaintiff's response to a steroid injection to determine its efficacy.  Plaintiff's Opposition (ECF No. 89) at 15.  Defendant Cardeno seeks summary judgment on the ground that there is no evidence that any of defendant Cardeno's acts or omissions were the product of deliberate indifference.

Defendant Cardeno's involvement with the events at bar is based on his role as second level reviewer of inmate grievances filed by plaintiff.  Plaintiff has presented no evidence that would support a finding that defendant Cardeno's decisions were the product of deliberate indifference or that his claim against defendant Cardeno is based on more than a difference of opinion with his medical provider.  See ECF No. 10-1 at 66-67; 76-77.  Defendant Cardeno is entitled to summary judgment.

### 4. Defendants Grannis, Johnson, Stocker and Kimura-Yip

Plaintiff's claims against defendants Grannis, Johnson, Stocker and Kimura-Yip are all predicated on their respective roles in resolving administrative appeals filed by plaintiff.  There is no evidence that any of these defendants acted with deliberate indifference to plaintiff's serious medical needs in processing plaintiff's grievances.  See ECF No. 10-1 at Exs. E-L.  For these reasons, these defendants are entitled to summary judgment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 30, 2012 motion for extension of time (ECF No. 81) is granted;

2. Plaintiff's December 5, 2012 opposition to defendants' March 23, 2012 motion for summary judgment is deemed timely filed; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 3, 2012 motion for preliminary injunction (ECF No. 69) be denied;

2. Plaintiff's May 4, 2012 motion for a court-ordered physical examination (ECF No. 70) be denied;

3. Plaintiff's October 29, 2012 motion for preliminary injunction (ECF No. 88) be denied;

4. Plaintiff's February 6, 2013 and March 20, 2013 motions "to enforce process" (ECF Nos. 96 and 100) be denied; and

5. Defendants' March 23, 2012 motion for summary judgment (ECF No. 61) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

/////
/////
/////
/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 8, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12
robi2954.msj